UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MICHAEL VALKO
14436 Chalk Ridge Drive
McAllen, TX 78504

       Plaintiff,

and,

AMERICAN FAMILY INSURANCE COMPANY
c/o its Registered Agent
Corporation Service Company
33 East Main Street, Suite 610
Madison, WI 53703

UMR, INC.
c/o its Registered Agent
United Agent Group Inc.
301 South Bedford Street, Suite 1
Madison, WI 53703

       Involuntary Plaintiffs,

vs.

AMERICAN FAMILY INSURANCE COMPANY
c/o its Registered Agent
Corporation Service Company
33 East Main Street, Suite 610
Madison, WI 53703

TYRONE S. CASTON
2115 Kensington Drive
Waukesha, WI 53188

and,

ABC INSURANCE COMPANY
a fictitious insurance corporation
1234 Address Unknown
Unknown, WI  00000

      Defendants.

---

**COMPLAINT**

---

NOW COMES the above-named plaintiff, Michael Valko, by his attorneys, Emile Banks & Associates, LLC, by Emile H. Banks, Jr., as and for his cause of action against the above-named defendants, alleges and shows to the Court as follows.

1. That plaintiff, Michael Valko, is an adult resident of the State of Texas, residing at 14436 Chalk Ridge Drive, McAllen, Texas 78504.

2. That upon information and belief, the involuntary plaintiff, American Family Insurance Company, with registered agent for service of process as Corporation Service Company, 33 East Main Street, Suite 610, Madison, Wisconsin 53703, is an involuntary plaintiff by reason of Wis. Stat. § 803.03, and it may have an interest in the plaintiff's claim by reason of it being a medical benefits provider for the plaintiff, Michael Valko. Upon information and belief, American Family Insurance Company may have paid medical bills incurred by plaintiff, Michael Valko, as a result of the injuries sustained in the incident giving rise to this Complaint. As a result of said payments, American Family Insurance Company may claim to be subrogated to the interests of the plaintiff to the extent of payments made, and is therefore a necessary and proper party to this action, pursuant to Wisconsin law. The plaintiff, Michael Valko, hereby alleges that American Family Insurance Company is not entitled to subrogation in this case.

3. That upon information and belief, the involuntary plaintiff, UMR Inc., with registered agent for service of process as United Agent Group, Inc., 301 South Bedford, Suite 1, Madison, Wisconsin 53703, is an involuntary plaintiff by reason of Wis. Stat. § 803.03, and it may have an interest in the plaintiff's claim by reason of it being a medical benefits provider for the plaintiff, Michael Valko. Upon information and belief, UMR Inc. may have paid medical bills incurred by plaintiff, Michael Valko, as a result of the injuries sustained in the incident giving rise to this Complaint. As a result of said payments, UMR Inc. may claim to be subrogated to the

interests of the plaintiff to the extent of payments made, and is therefore a necessary and proper party to this action, pursuant to Wisconsin law. The plaintiff, Michael Valko, hereby alleges that UMR Inc. is not entitled to subrogation in this case.

4.      That upon information and belief, defendant, American Family Insurance Company, is a domestic insurance company authorized to do business in the State of Wisconsin, with its principal office located at 6000 American Parkway, Madison, Wisconsin 53783, and with its registered agent for service of process as Corporation Service Company, 33 East Main Street, Suite 610, Madison, Wisconsin 53703.  This defendant is engaged in the business of, including but not limited to, selling and writing uninsured motorist insurance.  That prior to December 9, 2023 American Family Mutual Insurance Company had in force and effect a policy of automobile insurance providing coverage for its named insured Tammi R. Ziemer, which policy included various provisions, including provisions for uninsured motorist (UM) coverage and medical payments coverage.  Tammi R. Ziemer provided express permission to plaintiff Michael Valko who at all times material herein was operating her vehicle at the time of the accident that is the subject of this Complaint.  As a permissive user of American Family's insured, Michael Valko qualifies as an "insured" person under the uninsured motorist provision of the policy, number 41093-58520177 issued by defendant American Family Insurance Company, and is entitled to coverage under said policy for damages.  That as a result American Family Insurance Company is a proper defendant liable to the plaintiff for all of the injuries and damages he sustained as a result of the collision with the uninsured motorist Tyrone Caston.

5.      That upon information and belief, the defendant, Tyrone S. Caston, is an adult resident of the State of Wisconsin residing at 2115 Kensington Drive, Waukesha, Wisconsin 53188.  At all times material hereto, Tyrone S. Caston was operating a motor vehicle that was

uninsured when he failed to maintain speed and control of his vehicle and struck the rear of the vehicle being operated by plaintiff Michael Valko.

6.      That upon information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. § 807.12 by the fictitious name of ABC Insurance Company, may have issued a policy of insurance to defendant Tyrone S. Caston that may have provided coverage for the accident in question. Upon information and belief, said policy provided coverage for claims such as those hereinafter set forth in this Complaint.  By virtue of this contract of insurance, the fictitiously-named insurer is a proper party defendant herein.

7.      Plaintiff Michael Valko is a citizen of the State of Texas for purposes of federal court jurisdiction under 28 U.S.C. § 1332.

8.      Defendants American Family Insurance Company and Tyrone S. Caston are citizens of the State of Wisconsin for purposes of federal court jurisdiction under 28 U.S.C. § 1332.

9.      Plaintiff Michael Valko believes in good faith that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

10.     The United States District Court for the Western District of Wisconsin has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 since American Family Insurance Company's principal office is located in the Western District of Wisconsin.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE AGAINST TYRONE S. CASTON**

11.      Plaintiff hereby realleges all preceding paragraphs as though fully set forth herein.

12.     That on or about December 9, 2023, in the City of Pewaukee and County of Waukesha, State of Wisconsin, plaintiff Michael Valko was lawfully traveling on the off ramp of I-94 and Redford Boulevard when the vehicle he was operating was violently struck in the rear by the defendant, Tyrone S. Caston, who had been driving his uninsured vehicle on the same exit

ramp when he failed to maintain control and speed over his vehicle and violently rear-ended the vehicle Michael Valko was operating.

13.     That at the same time, place, and date, while operating his uninsured vehicle on the off ramp, defendant, Tyrone S. Caston, failed to stop in time causing his vehicle to negligently colllide with the plaintiff's vehicle.  Defendant, Tyrone S. Caston, was negligent as to speed, lookout, and management and control of his vehicle, failing to properly stop before striking the rear of the vehicle being operated by plaintiff, Michael Valko, causing plaintiff Michael Valko severe injuries.

14.     The above and foregoing acts of negligence on the part of the defendant, Tyrone S. Caston, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Michael Valko.

15.     That as a direct and proximate result of the negligence of the defendant, Tyrone S. Caston, plaintiff Michael Valko suffered severe injuries and pain and may continue to suffer pain for an indefinite time in the future and to expend large sums of money for said medical attention and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**SECOND CAUSE OF ACTION:**
**UNINSURED MOTORIST CLAIM FOR INJURIES**

16.     Plaintiff hereby realleges all preceding paragraphs as though fully set forth herein.

17.     That on or about December 9, 2023, while operating his uninsured vehicle under the influence of alcohol on the off ramp, defendant, Tyrone S. Caston, failed to stop in time causing his vehicle to negligently colllide with the rear of the vehicle plaintiff Michael Valko was operating at the time.  Defendant, Tyrone S. Caston, was negligent as to speed, lookout, and management

and control of his vehicle, failing to properly stop before striking the vehicle being operated by plaintiff, Michael Valko, causing plaintiff Michael Valko severe injuries.

18. The above and foregoing acts of negligence on the part of the defendant, Tyrone S. Caston, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Michael Valko.

19. Plaintiff Michael Valko sustained serious physical injuries to his cervical spine, thoracic spine, head and left shoulder, resulting in a rotator cuff tear injury ultimately requiring surgery. Plaintiff, Michael Valko, has incurred medical expenses in excess of $52,000, and will incur future medical expenses. Plaintiff, Michael Valko, has sustained permanent injuries, along with physical pain and suffering and emotional distress as a result of the negligence of the uninsured motorist, Tyrone S. Caston and will continue to do so in the future.

20. At the time of the accident in question, the vehicle being driven by plaintiff Michael Valko, with permission by its owner, Tammi Ziemer, had in full force and effect a policy of automobile insurance issued by defendant American Family Insurance Company.

21. Plaintiff Michael Valko's damages for physical and emotional unjuries were cuased by an unisured motorist, Tyrone S. Caston, and defendant, American Family Mutual Insurance Company, is now liable to the plaintiff under the uninsured motorist coverage in its policy that was issued to Tammi Ziemer at the time of the accident at issue.

### THIRD CAUSE OF ACTION:
### BREACH OF CONTRACT AND BAD FAITH

22. The plaintiff hereby realleges all preceding paragraphs as though fully set forth herein.

23. At the time of the accident in question, the vehicle being driven by plaintiff Michael Valko with permission by its owner, Tammi Ziemer, had in full force and effect a policy of

automobile insurance issued by defendant American Family Insurance Company. This policy of insurance contained a provision for uninsured motorist coverage with policy limits in the amount of $250,000.

24.    On or about May 5, 2025, plaintiff submitted a demand/notice of claim letter to defendant American Family Insurance Company with all documentation attached to support the claim demanding the full $250,000 in uninsured motorist coverage. That the damages sustained by plaintiff as a result of the subject accident exceeded that amount. On January 6, 2026, American Family Insurance Company made its final offer of settlement in the amount of $100,000 without consulting with any healthcare provider.

25.    That the demand/notice of claim letter to the defendant American Family Insurance Company included the plaintiff's medical records by his treating physician establishing causation, permanence, and the probable need for future medical care and physical medical restrictions; that the demand/notice of claim letter outlined that the plaintiff's medical bills were approximately $52,000 and included information regarding the surgical procedure that was necessary as a result of the accident which is the subject of this Complaint.

26.    On May 29, 2025 via email, David Kommes, the claims adjuster assigned to this matter for American Family Insurance Company, offered to resolve the claim for $4,000 alleging that the bills related to the accident amounted to $2,822 again without consulting with any healthcare provider.

27.    Ultimately, David Kommes made another offer of $44,000 indicating that American Family had room to negotiate but did not see the injury of Michael Valko valued above $200,000. Ultimately, David Kommes, on December 3, 2025, indicated that American Family's

final evaluation to resolve plaintiff's claim would be $100,000 based upon medical information provided to them to complete their evaluation.

28.     That American Family, by January 2025, exhausted its $10,000 medical payments policy limit.

29.     That by offering $4,000 and then $44,000, and finally $100,000 from the available uninsured motorist coverage, American Family not only breached its contract of insurance but also violated Wisconsin Insurance Claims Practices found at Ins 6.11, most notably by failing to undertake a reasonable investigation of this claim when it dismissed opinions contained within the plaintiff's medical records by his treating physician without having first obtained their own medical opinion from a comparable medical professional.

30.     That by offering the $100,000 from its uninsured motorist coverage, American Family acknowledged the plaintiff had a contractual right to receive funds as a result of the accident in question even though the first offer was only $4,000, and the demand was for policy limits of $250,000.

31.     That American Family's failure to take into consideration the amount of the medical expenses and the objective evidence of an injury and a surgical procedure without having medical opinions from a competent orthopedic surgeon to the contrary and offering such low amounts to settle the claim of their insured Michael Valko, breached its contract of insurance with the plaintiff.  The plaintiff, Michael Valko, is therefore entitled to damages associated with said breach.

32.     That under the terms of the aforementioned American Family policy, American Family is obligated to compensate the plaintiff for all damages incurred in the subject collision and owed a duty of good faith and fair dealing to the plaintiff to fully and fairly investigate,

evaluate, and review the plaintiff's claim for uninsured motorist benefits, which required American Family to conduct a neutral and detailed investigation of the claims.

33.     That by offering initially $4,000, then $44,000, and ultimately $100,000, American Family denied the plaintiff's claim for payment for his past medical expenses and his past and future pain and suffering under the uninsured motorist provision of their insurance contract.

34.     That American Family Insurance Company had no reasonable bases to not include payment for the plaintiff's past and future pain and suffering and past medical expenses and had no reasonable basis to not offer proper compensation for said damages.

35.     That no reasonable insurer would have denied or delayed payment of medical bills, future pain and suffering, and past pain and suffering given the facts and circumstances of this case and the information provided to American Family.

36.     That American Family's handling of the plaintiff's uninsured motorist claim violated Sec. Ins 6.11(3) of the Wisconsin Administrative Code, in so far as American Family, without just cause, committed acts that constitute unfair methods and practices in the business of insurance, including:  failure to attempt in good faith to effectuate fair and equitable settlement of claims submitted to which liability has become clear; failure to affirm or deny coverage of claims within a reasonable time after proof of loss has been completed; failure to offer settlement under applicable first party coverage on the basis that responsibility for payments should be assumed by other persons or insurers; and compelling insureds and claimants like the plaintiff to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

37.     Defendant American Family Insurance Company has breached its insurance contract by, among other things, failing to: (1) take the necessary stops to fairly and independently

investigate plaintiff's uninsured motorist claim, (2) pay the plaintiff the full amount of his damages for the bodily injuries that Michael Valko is legally entitled to collect from the uninsured motorist that struck the rear of his vehicle, (3) honor its implied covenant of good faith and fair dealing under the policy, and (4) honor the terms of the contract.

38.     American Family Insurance Company's insurance contract has an implied covenant of good faith and fair dealing that exists at all times, including during the investigation, evaluation and processing of uninsured motorists claims.

39.     Despite the reasonable efforts, cooperation and compliance of the plaintiff, American Family Insurance Company, through its actions and omissions by its employees and representatives, has breached the implied duty of good faith and fair dealing, by, among other things, intentionally, wantonly and willfully, or with reckless disregard for the rights of the plaintiff, refusing to pay amounts in accordance with the uninsured motorist policy at issue in a timely fashion and in the absence of a reasonable basis for not paying the amount available under the policy, thus constituting bad faith.

40.     As a direct and proximate result of the aforementioned conduct, the plaintiff is now entitled to recover damages, including reasonable attorney's fees, related to American Family Insurance Company's bad faith in breaching its contract.

**FOURTH CAUSE OF ACTION:**
**STATUTORY INTEREST PURSUANT TO WIS. STAT. § 628.46.**

41.     The plaintiff hereby realleges all preceeding paragraphs as though fully set forth herein.

42.     Plaintiff provided all necessary and appropriate supporting information to American Family Insurance Company, and took other steps necessary to provide American Family Insurance Company with more than adequate proof of plaintiff's claims and demands that are in

excess of the uninsured motorist policy limit that is available to the plaintiff in this matter and clearly stated that even though his damages exceeded the policy limit would have accepted it if offered.

43.     That at all times material hereto, defendant, American Family Insurance Company, was subject to Wis. Stat. § 628.46, the timely payment of claims statute; that pursuant to said statute, all insurers, including defendant, American Family Insurance Company, must pay a claim within thirty (30) days of being furnished with written notice of the claim and the amount of the claim; that said statute further provides that even if notice is not furnished as to the entire claim, any partial amount supported by written notice is overdue if not paid within thirty (30) days after such written notice is furnished to the insurer; that said statute also provides that 7.5 percent simple interest acrues on any overdue payments.

44.     That on or about May 5, 2025, defendant, American Family Insurance Company, was furnished with written notice of a claim and proof of loss, which included documentation of plaintiff Michael Valko's health care expenses in the sum of $52,696.21, a permanency medical record noted by the surgeon who performed Michael Valko's left shoulder surgery, medical records confirming that Michael Valko sustained injuries, and the motor vehicle accident report confirming liability was not at issue in the case.

45.     That it is not fairly debatable that defendant, American Family Insurance Company, owes the plaintiff the $250,000 uninsured motorist policy limit for the past and future medical expenses, past and future pain and suffering, disability, loss of enjoyment of life, and loss of society and companionship that plaintiff Michael Valko has experienced and may continue to experience in the future as a consequence of Michael Valko's serious injuries.

46.     As of the date of filing this Complaint, defendant American Family Insurance Company has not paid any money to the plaintiff. As a direct and proximate result of American Family Insurance Company's failure to timely pay the plaintiff's claims, the plaintiff is now entitled to statutory interest pursuant to Wis. Stat. § 628.46.

**FIFTH CAUSE OF ACTION:**
**PUNITIVE DAMAGES**

47.     The plaintiff hereby realleges all preceding paragraphs as though fully set forth herein.

48.     That the defendant American Family Insurance Company's actions are intentional wrongs in that it has breached its duty imposed by the insurance contract and duty of good faith that is owed to its insureds by unreasonably withholding payment of the claim.

49.     That the course and conduct described above in this Complaint constitutes an intentional disregard of the rights of the plaintiff, entitling the plaintiff to punitive damages in an amount to be determined by a jury.

WHEREFORE, plaintiff Michael Valko demands judgment against the defendants, as follows:

a.  Compensatory damages in a monetary amount that is fair and reasonable;

b.  The costs and disbursement of this action;

c.  Prejudgment interest pursuant to Wis. Stat. § 628.46;

d.  An award of punitive damages; and

e.  Whatever other relief the Court deems just and equitable.

Dated this 18th day of May, 2026.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Plaintiff, Michael Valko

*s/ Emile H. Banks, Jr.*

By: _____

EMILE H. BANKS, JR.
State Bar No. 1018890

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI  53226
(414) 777-0000 (telephone)
(414) 777-0090 (facsimile)
emile@emilebankslaw.com